[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14983
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20165-DPG-11


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FLORENTINO CARDENAS,
a.k.a. Tinto,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 5, 2016)

Before ED CARNES, Chief Judge, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

In 2013 the FBI and the City of Miami investigated an extensive marijuana, cocaine, and "molly"[1] distribution conspiracy that involved the equivalent of over 3,000 kilograms of marijuana under the drug equivalency tables contained in the United States Sentencing Guidelines.  During that investigation, law enforcement officers intercepted several phone calls made by members of the conspiracy, which led authorities to Florentino Cardenas, a midlevel distributor in the conspiracy. Cardenas later pleaded guilty to one count of conspiring to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846.

In his plea agreement, Cardenas admitted that, "[b]ased on the intercepted conversations and the surveillance conducted by law enforcement, [he] was responsible for 308 grams of cocaine, one kilogram of [m]olly, and two pounds of marijuana," which is the equivalent of 310 kilograms of marijuana.  The agreement also provided that the government would recommend an offense level reduction under U.S.S.G. § 3B1.2 based on Cardenas's minor role in the conspiracy.

At sentencing the district court rejected that recommendation, reasoning that Cardenas had been "held responsible for the amount of drugs for which he was involved," instead of the much larger quantities associated with the conspiracy as a whole, and he could not be considered a minor participant in his own actions.  The court varied downward to sentence Cardenas to 24 months, which was within the

---

[1] "Molly" is the street name for a variety of Schedule I substances similar to ecstasy.

guideline range that would have been applicable if the court had granted the requested role reduction. Cardenas nonetheless contends on appeal that the district court erred in denying him that reduction.

Section 3B1.2 provides for a two-point offense level reduction if a defendant is a "minor participant" in the relevant criminal activity. See U.S.S.G. § 3B1.2(b). A minor participant is one who "is less culpable than most other participants, but whose role could not be described as minimal." Id. cmt. n.5. "The district court's determination of the defendant's role in the offense should be informed by two principles . . . first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." United States v. Rodriguez De Varon, 175 F.3d 930, 939 (11th Cir. 1999) (en banc). Neither of those considerations supports a finding that Cardenas was a minor participant.

Cardenas contends that "his actual conduct was undisputably [sic] minor in nature" with respect to the molly attributed to him. He points to his factual proffer, in which he admitted only to discussing molly with a coconspirator in one recorded phone call. But the district court was not obligated to separately parse Cardenas's comparative culpability in relation to each drug he accepted responsibility for in the plea agreement. The question is whether Cardenas was a minor participant in his relevant conduct as a whole. See De Varon, 175 F.3d at 940–44. The answer

3

to that question is no, even if he happened to be more involved in some portions of that conduct and less involved in others.

Cardenas emphasizes that the government recommended a minor participant reduction because it considered him to be "a minor player given his activities and the activities of others in the conspiracy." As Cardenas concedes, however, that recommendation was not binding on the court. See Fed. R. Crim. P. 11(c)(1)(B). Not only that, but the recommendation missed the mark. We have explained that a defendant is entitled to a role reduction only if he "can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable — not a minor role in any larger criminal conspiracy." De Varon, 175 F.3d at 944. Because Cardenas was held accountable for only his actual conduct, the fact that he may have been a "minor player" in the broader conspiracy is simply beside the point. See id. ("[W]here the relevant conduct attributed to a defendant is identical to [his] actual conduct, [he] cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable.").

**AFFIRMED.**

4